```
 1  UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
 2
    ------------------------------------x
 3  UNITED STATES OF AMERICA,

 4
                                        20 CR 386 (NSR)(JMC)
 5       -vs-
                                        CHANGE OF PLEA
 6
    NICOLAUS WYNBERG,
 7
                            Defendants.
 8  ------------------------------------x

 9                                  United States Courthouse
                                    White Plains, New York
10
                                    Wednesday, September 29, 2021
11                                  12:00 p.m.

12
    B e f o r e:
13
                                    HONORABLE JUDITH McCARTHY,
14                                  Magistrate Judge

15

16  A P P E A R A N C E S:

17

    AUDREY STRAUSS
18       United States Attorney for the
         Southern District of New York
19  JOSIAH PERTZ,
         Assistant United States Attorney
20

21  STEPHENS, BARONI, REILLY & LEWIS
    STEPHEN LEWIS, ESQ.
22       Attorney for Defendant

23

24

25
```

```
 1                THE DEPUTY CLERK:  All rise.  This is the matter of
 2    the United States of America versus Nicolaus Wynberg.
 3                Counsel please state your appearances for the record.
 4                MR. PERTZ:  Josiah Pertz for the United States.  Good
 5    afternoon, your Honor.
 6                THE COURT:  Good afternoon, Mr. Pertz.
 7                MR. LEWIS:  Judge, good afternoon.  Stephen Lewis,
 8    Stephens, Baroni, Reilly & Lewis, White Plains, New York,
 9    appearing today before you with Nicolaus Wynberg.
10                THE COURT:  Good afternoon, Mr. Lewis, and good
11    afternoon, Mr. Wynberg.
12                THE DEFENDANT:  Good afternoon, your Honor.
13                THE COURT:  Okay, you can be seated.
14                Mr. Pertz, what are we here for today?
15                MR. PERTZ:  Your Honor, this is a change-of-plea
16    hearing.
17                THE COURT:  Thank you.
18                It's my understanding that Mr. Wynberg was arraigned
19    before Judge Romàn on December 1st, 2020, but I don't see any
20    record of a Rule 5(f) order being issued.  Has that happened in
21    this case?
22                MR. PERTZ:  I would gladly take it at this point just
23    to make sure.
24                THE COURT:  Okay.  Mr. Lewis, do you know if one was
25    done?
```

1              MR. LEWIS:  Doubtful.

2              THE COURT:  Okay.

3              So, Mr. Pertz, I'm going to direct the Prosecution to

4    comply with its obligations under *Brady v. Maryland* and its

5    progeny to disclose to the Defense all information, whether

6    admissible or not, that is favorable to the Defendant, material

7    either to guilt or to punishment, and known to the Prosecution.

8    Possible consequences for non-compliance may include dismissal

9    of individual charges or the entire case, exclusion of evidence,

10   and professional discipline or court sanctions on the attorneys

11   responsible.  I'll be entering a written order more fully

12   describing this obligation and the possible consequences of

13   failing to meet it, and I direct the Prosecution to review and

14   comply with that order.

15             Does the Prosecution confirm that it understands its

16   obligations and will fulfill them?

17             MR. PERTZ:  The Government confirms its obligations.

18             THE COURT:  Thank you, Mr. Pertz.

19             Okay, Mr. Wynberg, I want to advise you that this is

20   not a trial.  I'm going to allow you to remain seated for most

21   of the proceeding until you get to the point where you allocute.

22   Counsel will still rise when addressing the Court, but I will be

23   asking a lot of questions, so it's sometimes easier for the

24   court reporter to hear you if you're seated.

25             I'm going to ask you a lot of questions.  I'm going to

1  ask you to speak clearly and loudly.  It's harder because we're

2  all in masks to be heard, so speak as loudly as you can, without

3  yelling, of course, and make sure you keep your mask --

4  everybody keeps your masks over your nose and mouth, okay?

5          So it's my understanding, Mr. Wynberg, that you've

6  decided to enter a guilty plea.

7          THE DEFENDANT:  That is correct, your Honor.

8          THE COURT:  This proceeding is for the purpose of

9  ensuring that you are aware of your rights in connection with

10 your plea and that any waiver of those rights is knowing and

11 voluntary prior to entering your plea.

12         If at any time you do not hear or understand what I

13 say to you, please interrupt me so I can repeat and explain what

14 I've said.  If you want to confer with your attorney regarding

15 anything I say, please interrupt me so you can do that.

16         Do you understand?

17         THE DEFENDANT:  I do, your Honor.

18         THE COURT:  I want to advise you that you have the

19 right to be represented by counsel throughout the entire case,

20 and you may consult with your attorney at any stage of this

21 proceeding.  You also have the right to remain silent.  Any

22 statement that you do make may be used against you.  You have

23 this right to remain silent even if you've already made

24 statements to law enforcement officers.

25         Do you understand?

```
 1              THE DEFENDANT:  I do, your Honor.

 2              THE COURT:  Ms. Hummel, could you please place Mr.

 3  Wynberg under oath or affirmation.

 4                   NICOLAUS WYNBERG, Sworn.

 5              THE COURT:  It's important for you to understand that

 6  if you knowingly make a false statement during these

 7  proceedings, you could be subject to prosecution for the crime

 8  of perjury or for making a false statement to the Court, and you

 9  could face a punishment of up to five years imprisonment and a

10  $250,000 fine for committing such a crime.  Such punishment

11  would be separate and apart from any crime you may be facing on

12  the crime charged in the felony indictment.

13              Do you understand that?

14              THE DEFENDANT:  I do, your Honor.

15              THE COURT:  What is your full name?

16              THE DEFENDANT:  Nicolaus George Wynberg.

17              THE COURT:  How old are you?

18              THE DEFENDANT:  I'm forty-five.

19              THE COURT:  Are you a United States citizen?

20              THE DEFENDANT:  Yes, your Honor.

21              THE COURT:  How far did you go in school?

22              THE DEFENDANT:  Bachelor's of science.

23              THE COURT:  Are you currently or have you been

24  recently under the care of a doctor or a psychiatrist for any

25  reason?
```

1          THE DEFENDANT:  I'm currently under the care of the

2  psychiatrist at the Westchester County Jail.

3          THE COURT:  And have you taken any mind-altering

4  drugs, medicines, or pills or consumed any alcohol in the last

5  twenty-four hours?

6          THE DEFENDANT:  Only what's prescribed to me by the

7  facility.

8          THE COURT:  And what type of medication is being

9  prescribed for you?

10         THE DEFENDANT:  The doctor has me on three different

11 medications; one for specifically anti-anxiety, another which is

12 for anxiety and depression, and another which is just for

13 depression.

14         THE COURT:  And what time of day do you take this

15 medication typically?

16         THE DEFENDANT:  Three times a day.  I take them

17 morning, afternoon, and evening.  They vary up to an hour or two

18 when they actually come.

19         THE COURT:  And do they have any effect on your

20 ability to think clearly or understand what's going on?

21         THE DEFENDANT:  No, your Honor.

22         THE COURT:  Okay.  Have you ever been hospitalized or

23 treated for alcoholism or drug addiction?

24         THE DEFENDANT:  No, your Honor.

25         THE COURT:  Is your mind clear today?

1              THE DEFENDANT:  It is, your Honor.

2              THE COURT:  Do you understand what's happening at this

3   proceeding?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Does either Counsel have any objections to

6   the Defendant's competence to proceed at this time?

7              MR. PERTZ:  No, your Honor.

8              MR. LEWIS:  No, your Honor.

9              THE COURT:  So, Mr. Wynberg, this proceeding is called

10  a plea allocution.  I want you to understand that you have an

11  absolute right to have this plea allocution conducted before a

12  United States District Judge.  It is the District Judge who will

13  impose the sentence in this case.

14             If you consent, then I will conduct the plea

15  allocution, and I will then make a report to the District Judge

16  in which I will recommend whether or not the District Judge

17  should accept the plea of guilty.  I will make that

18  recommendation based on the information that is brought out

19  during today's proceedings.

20             It is important for you to understand that the Court

21  will not accept your plea unless the Court is satisfied that you

22  fully understand all of your rights and that you are, in fact,

23  guilty.

24             Do you understand that?

25             THE DEFENDANT:  I do, your Honor.

1              THE COURT:  Do you understand you have an absolute

2    right to have this plea allocution conducted before a United

3    States District Judge?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Is it your wish that I conduct the plea

6    allocution?

7              THE DEFENDANT:  It is my wish, your Honor.

8              THE COURT:  And, Mr. Lewis, did your client sign a

9    Consent to Proceed Before a United States Magistrate Judge on a

10   Felony Plea Allocution?

11             MR. LEWIS:  Yes, Judge.

12             THE COURT:  And, Ms. Hummel, could you please have the

13   Defendant identify his signature on the bottom of the form.

14             THE DEPUTY CLERK:  Mr. Wynberg, I have before me the

15   Consent to Proceed Before a United States Magistrate Judge on a

16   Felony Plea Allocution form, which you've signed and dated today

17   September 29th, 2021.

18             Is this your signature on the bottom of the form

19   (showing)?

20             THE DEFENDANT:  Yes, ma'am.

21             THE DEPUTY CLERK:  And before signing this form, did

22   you have a chance to read it and review it with your attorney?

23             THE DEFENDANT:  I did.

24             THE DEPUTY CLERK:  Thank you.

25             THE COURT:  Thank you, Ms. Hummel.

1          THE DEPUTY CLERK:  You're welcome.

2          THE COURT:  So I have before me the Consent to Proceed

3   Before a United States Magistrate Judge on a Felony Plea

4   Allocution, which you have signed, Mr. Wynberg.

5          What that form says is that, knowing you have the

6   right to have a plea taken by a United States District Judge,

7   you are agreeing to have the plea taken by me, a United States

8   Magistrate Judge.  Is that correct?

9          THE DEFENDANT:  That is correct, your Honor.

10          THE COURT:  Before you signed the form, did your

11   lawyer explain it to you?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  Did anyone threaten or force you or

14   promise you anything in order to get you to sign the consent

15   form?

16          THE DEFENDANT:  No, your Honor.

17          THE COURT:  Did you sign the form freely and

18   voluntarily?

19          THE DEFENDANT:  I did, your Honor.

20          THE COURT:  Counsel, do you know of any reason why the

21   waiver and consent to proceed with this plea allocution before a

22   United States Magistrate Judge should not be accepted?

23          MR. PERTZ:  No, your Honor.

24          MR. LEWIS:  No, your Honor.

25          THE COURT:  I find the Defendant, Nicolaus Wynberg, is

1   fully competent and understands the proceedings before him.  I

2   also find he is capable of waiving his right to appear before a

3   United States District Judge in order to enter his guilty plea,

4   and I, therefore, accept the consent form, which has been signed

5   and is now part of the court record.  The consent form is marked

6   as Court Exhibit 1 and will remain in the court file.

7            So, Mr. Wynberg, I've been informed that you wish to

8   change your plea and enter a plea of guilty as to certain

9   charges.  Is that correct?

10           THE DEFENDANT:  That is correct, your Honor.

11           THE COURT:  Before deciding whether to accept your

12  plea, I'm going to ask you certain questions.  It's very

13  important that you answer these questions honestly and

14  completely.  The purpose of these proceedings is to make sure

15  that you understand your rights, to decide whether you're

16  pleading guilty of your own free will, and make sure that you

17  are pleading guilty because you are guilty and not for some

18  other reason.

19           Do you understand what I'm saying?

20           THE DEFENDANT:  I do, your Honor.

21           THE COURT:  If you don't understand any of the

22  questions or you want any time to consult with your lawyer,

23  please say so, because it is important that you understand every

24  question before you answer it.

25           So I have before me a copy of the indictment

1    containing the charges against you.  This is a three-count

2    indictment.

3              Count I charges you with unlawful manufacture of a

4    destructive device in violation of Title 28 U.S.C. §§ 5822,

5    5861(f), and 5871, and Title 18 U.S.C. § 2; Count II charges you

6    with unlawful possession of a destructive device in violation of

7    Title 26 U.S.C. §§ 5861(d) and 5871; and Count III charges you

8    with being a felon in possession of ammunition in violation of

9    Title 18 U.S.C. §§ 922(g)(1) and (2).

10             Have you received a copy of this indictment, Mr.

11   Wynberg?

12             THE DEFENDANT:  I have, your Honor.

13             THE COURT:  Have you read it?

14             THE DEFENDANT:  I have, your Honor.

15             THE COURT:  Do you understand what it says?

16             THE DEFENDANT:  I do, your Honor.

17             THE COURT:  Do you want me to read it to you in open

18   court?

19             THE DEFENDANT:  Um, no, thank you, your Honor.

20             THE COURT:  Have you had time to talk to your attorney

21   about these charges and about how you wish to plead?

22             THE DEFENDANT:  Yes, I have, your Honor.

23             THE COURT:  And have you discussed with your attorney

24   the charges against you, including the charges you intend to

25   plead guilty to, as well as any other charges that the

 1  Government may have made in this case?

 2          THE DEFENDANT:  Yes, your Honor.

 3          THE COURT:  Has your attorney told you the

 4  consequences of pleading guilty?

 5          THE DEFENDANT:  He has, your Honor.

 6          THE COURT:  Are you satisfied with your attorneys's

 7  representation of you?

 8          THE DEFENDANT:  I am satisfied.

 9          THE COURT:  Have you told your attorney everything you

10  know about this case?

11          THE DEFENDANT:  I have, your Honor.

12          THE COURT:  So I believe Ms. Hummel might have a copy

13  of the original plea agreement.  The original plea agreement is

14  going to be marked as a Government exhibit and will remain in

15  the custody of the Government's attorney.

16          I'm going to ask Ms. Hummel to have the Defendant

17  identify his signature on the last page of the agreement.

18          THE DEPUTY CLERK:  Mr. Wynberg, I have before me the

19  plea agreement, which is dated September 17th, 2021, and which

20  you've signed today, September 29th, 2021, on the bottom of page

21  6.

22          Is that your signature (showing)?

23          THE DEFENDANT:  Yes, ma'am.

24          THE DEPUTY CLERK:  And before signing this agreement,

25  did you have a chance to read it and review it with your

1    attorney?

2              THE DEFENDANT:  I did, ma'am.

3              THE DEPUTY CLERK:  Thank you.

4              THE COURT:  Thank you.

5         So, Mr. Lewis, did you review each and every part of

6    this plea agreement with your client?

7              MR. LEWIS:  Yes, Judge.

8              THE COURT:  And, Mr. Wynberg, are you satisfied that

9    you understand the entire plea agreement which your lawyer has

10   reviewed with you?

11             THE DEFENDANT:  Yes, your Honor, I'm satisfied.

12             THE COURT:  Do you have any questions either for your

13   lawyer or for me about what this plea agreement says?

14             THE DEFENDANT:  Not at this time, your Honor.

15             THE COURT:  Do you understand that anything which is

16   not set forth in the plea agreement or which is not told to me

17   at this time on the record will not be binding on the outcome of

18   your case?

19             THE DEFENDANT:  Uh, could you please repeat that?

20             THE COURT:  Yep.  Do you understand that anything

21   which is not set forth in the plea agreement or which is not

22   told to me at this time on the record is not going to be binding

23   on the outcome of your case.

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  Thank you.

1                And, Mr. Pertz, is there anything beyond the written

2    plea agreement the Court should know about?

3                MR. PERTZ:  There is not.

4                THE COURT:  And, Mr. Lewis, is there any other written

5    agreement the Court should know about?

6                MR. LEWIS:  No, Judge.

7                THE COURT:  Mr. Wynberg, did you sign the plea

8    agreement freely and voluntarily?

9                THE DEFENDANT:  I did, your Honor.

10               THE COURT:  Did anyone force you or coerce you or

11   threaten you or promise you anything other than what is set

12   forth in the written plea agreement in order to get you to sign

13   the plea agreement?

14               THE DEFENDANT:  No, your Honor.

15               THE COURT:  So this plea agreement says you're going

16   to plead guilty to Count II of the superseding indictment.

17   Count II charges you with unlawful possession of a destructive

18   device in violation of Title 26 U.S.C. §§ 5861(d) and 5871.

19               Do you understand that?

20               THE DEFENDANT:  I do, your Honor.

21               THE COURT:  If you're convicted of the charges

22   contained in Count II of this Superseding Indictment, either

23   after trial or by plea of guilty, you would be subject to a

24   maximum term of imprisonment of ten years, a maximum term of

25   supervised release of three years, a maximum fine of $10,000,

1   and $100 mandatory special assessment.

2            Do you understand that?

3            THE DEFENDANT:  I do, your Honor.

4            THE COURT:  If you are sentenced to a term of

5   imprisonment, even if you're sentenced to the maximum term of

6   imprisonment, and if you are also sentenced to a term of

7   supervised release and if you then violate the conditions of

8   your supervised release, you could be sentenced to an additional

9   term of imprisonment for violating the conditions of your

10  supervised release, which in this case would be an additional

11  term of up to two years.

12            Do you understand that?

13            THE DEFENDANT:  Yes, your Honor.

14            THE COURT:  In addition, if you violate the conditions

15  of your supervised release, you would not receive credit for any

16  time already served in prison or for time served on supervised

17  release.  Do you understand that?

18            THE DEFENDANT:  Yes, your Honor.

19            THE COURT:  You're also subject to an order of

20  forfeiture in this case, and under this plea agreement, you are

21  admitting the forfeiture allegation with respect to Count II of

22  the indictment and agreeing to forfeit to the United States

23  pursuant to Title 26 U.S.C. § 5872 and Title 28 U.S.C.

24  § 2461 all rights, title, and interest that you have in the

25  specific property listed in Exhibit A attached to the plea

1   agreement.

2            Do you understand that?

3            THE DEFENDANT:  Yes, your Honor.

4            THE COURT:  You will also agree not to file a claim or

5   petition for omission or mitigation in any forfeiture proceeding

6   involving this specific property and will not cause or assist

7   anyone else in doing so.  Do you understand that?

8            THE DEFENDANT:  Yes, your Honor.

9            THE COURT:  You also agree to take all necessary steps

10  to pass clear title to the specific property to the United

11  States.  Do you understand that?

12           THE DEFENDANT:  Yes, your Honor.

13           THE COURT:  Is there any restitution in this case, Mr.

14  Pertz?

15           MR. PERTZ:  There is not.

16           THE COURT:  Thank you.

17           Do you understand, Mr. Wynberg, that these are the

18  possible sentences that could be imposed following a plea of

19  guilty in this matter?

20           THE DEFENDANT:  Yes, your Honor.

21           THE COURT:  Do you also understand that you are

22  pleading guilty to a felony offense and that such an

23  adjudication may deprive you of certain valuable civil rights

24  which may include the right to vote, the right to hold public

25  office, the right to serve on a jury, the right to possess any

1    type of firearm, including rifles and shotguns, the right to be

2    considered for certain types of employment or to be bonded, to

3    serve in the United States Military, and the right to possess or

4    obtain government-issued licenses, including licenses that may

5    be required in certain professions and occupations.

6               Do you understand that?

7               THE DEFENDANT:  I do, your Honor.

8               THE COURT:  And I believe you said you were a U.S.

9    citizen.  Is that correct?

10              THE DEFENDANT:  That's correct, your Honor.

11              THE COURT:  Thank you.

12              Do you understand that these are the possible legal

13   consequences of a guilty plea in this case?

14              THE DEFENDANT:  I do, your Honor.

15              THE COURT:  Do you understand that the United States

16   Sentencing Commission has issued guidelines for judges to follow

17   in determining the appropriate sentence in a criminal case?

18              THE DEFENDANT:  Yes, your Honor.

19              THE COURT:  Do you also understand that these

20   guidelines are not mandatory, but they must be considered by the

21   Court, along with other factors listed in 18 U.S.C. § 3553, when

22   the judge determines the appropriate sentence to impose,

23   including possible departures from the guidelines?

24              THE DEFENDANT:  Yes, your Honor.

25              THE COURT:  Have you and your attorney talked about

 1  how the sentencing guidelines will be calculated in your case?

 2          THE DEFENDANT:  We have, your Honor.

 3          THE COURT:  So the plea agreement in this case sets

 4  forth a stipulated sentencing range of 41 to 51 months

 5  imprisonment and the stipulated fine range of $15,000 to

 6  $150,000.  However, a low-end limit may apply in this case, and

 7  so in this case, the maximum fine specified by the statute is

 8  $10,000 and the statute is 26 U.S.C. § 5871.

 9          Do you understand that?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Do you understand that this is simply an

12  understanding between you and your lawyer and the lawyer for the

13  Government and that it is not binding on the District Judge when

14  he imposes sentence?

15          THE DEFENDANT:  I do, your Honor.

16          THE COURT:  Do you understand that the District Judge

17  will consider the guidelines, but will impose a sentence in

18  accordance with the statute, which in this case means that the

19  prison term will not be for more than ten years.

20          Do you understand that?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  Do you understand that the Court will not

23  be able to determine the appropriate sentence until after the

24  pre-sentence report has been prepared and until you and your

25  attorney, as well as the Government, have had an opportunity to

1    challenge the facts reported in the pre-sentence report, as well

2    as the calculation of the sentencing guideline range and any

3    sentence recommendation in that report?

4               THE DEFENDANT:  Yes, your Honor.

5               THE COURT:  Do you understand that if there are any

6    objections to the pre-sentence report that those objections will

7    be ruled on by the Court and, if necessary, a hearing will be

8    held to determine what information is relevant to the Court's

9    determination of the sentence?

10              THE DEFENDANT:  Yes, your Honor.

11              THE COURT:  I also want to go over what rights you're

12   giving up under your right to appeal.

13              Under this plea agreement, you're agreeing that you

14   will not file a direct appeal, nor bring a collateral challenge,

15   including, but not limited to, an application under Title 28

16   U.S.C. § 2255 and/or § 2241 of any sentence within or below the

17   stipulated guideline range of 41 to 51 months imprisonment and

18   the Government will not appeal any sentence within or above the

19   stipulated guideline range.

20              Do you understand that?

21              THE DEFENDANT:  I do, your Honor.

22              THE COURT:  You're also agreeing not to appeal or

23   bring a collateral challenge of any term of supervised release

24   that is less than or equal to the statutory maximum.

25              Do you understand that?

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  You're also agreeing not to appeal or

3    bring a collateral challenge of any fine that is less than or

4    equal to $10,000, and the Government agrees not to appeal any

5    fine that is greater than or equal to $10,000.

6              Do you understand that?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  You're also agreeing not to appeal or

9    bring any collateral challenge to the forfeiture of the specific

10   property specified in Exhibit A to the plea agreement.

11             Do you understand that?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  You're also agreeing not to appeal or

14   bring any collateral challenge of any special assessment that is

15   less than or equal to $100.  Do you understand that?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  Under this plea agreement, Mr. Wynberg,

18   you're agreeing to waive any and all rights to withdraw your

19   plea or attack your conviction, either on direct appeal or

20   collaterally, on the grounds that the Government has failed to

21   produce any discovery material, Jencks Act material, exculpatory

22   material pursuant to *Brady v. Maryland* other than information

23   establishing your factual innocence, or impeachment material

24   pursuant to *Giglio v. United States* that has not already been

25   produced as of the date of the signing of the plea agreement.

1           Do you understand that?

2           THE DEFENDANT:  I do, your Honor.

3           THE COURT:  Do you also understand that if you

4    disagree with the Court's sentencing decision, that will not

5    give you a basis for withdrawing your plea of guilty?

6           THE DEFENDANT:  Yes, your Honor.

7           THE COURT:  Do you also understand that parole has

8    been abolished, and if you are sentenced to a term of

9    imprisonment, you will not be eligible for early release on

10   parole?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Do you understand that you do not have to

13   plead guilty and you have the absolute right to plead not guilty

14   and have the matter go to trial by judge or by jury?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  Do you understand that if you choose to

17   plead guilty, you have a right to have a speedy and public trial

18   of your case?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Do you understand that at any trial of

21   this matter, you would be entitled to the presumption of

22   innocence and that the presumption would remain with you until

23   the Government proves each and every element of the crime

24   charged beyond a reasonable doubt to the satisfaction of a judge

25   if it's a judge trial or to the unanimous satisfaction of a jury

1   if it's a jury trial?

2            THE DEFENDANT:  Yes, your Honor.

3            THE COURT:  At such trial, you would have the right,

4   with the assistance your attorney, to confront and cross-examine

5   the witnesses against you.  You would have the right to call

6   witnesses to testify for you and to have subpoenas issued to

7   compel witnesses to give testimony.  You would also have the

8   right to testify at your trial, but you could not be forced to

9   testify.  If you decide not to testify, your decision to remain

10  silent could not be held against you in any way.

11           Do you understand that?

12           THE DEFENDANT:  Yes, your Honor.

13           THE COURT:  At your trial, you'd also have the right,

14  which I've already mentioned, to the assistance of an attorney

15  and to have an attorney appointed to represent you if you could

16  not afford counsel.  Do you understand that?

17           THE DEFENDANT:  I do, your Honor.

18           THE COURT:  Do you understand that if you plead guilty

19  to the charges in Count II of this Felony Superseding

20  Information that you would give up your right to a trial, and

21  except for right to counsel, you would give up all the other

22  rights which I have explained to you here?

23           THE DEFENDANT:  I do, your Honor.

24           THE COURT:  Is there anything else in the plea

25  agreement that you would like me to go over with Mr. Wynberg,

```
 1  Counsel?

 2          MR. PERTZ:  No, your Honor.

 3          MR. LEWIS:  Not from me, Judge.

 4          THE COURT:  Thank you, Counsel.

 5          So, Mr. Wynberg, have you clearly heard and understood

 6  everything I've said to you?

 7          THE DEFENDANT:  I have, your Honor.

 8          THE COURT:  Do you have any questions for me or for

 9  your attorney about anything I've said or about anything I've

10  asked you?

11          THE DEFENDANT:  I do not, your Honor.

12          THE COURT:  Thank you.

13          Okay, Mr. Pertz...what are the elements of the

14  offense, and what is the Government prepared to prove at trial

15  in order to establish those elements?

16          MR. PERTZ:  In order to prove the Defendant guilty of

17  Count II of the indictment, the Government would have to prove

18  the following beyond a reasonable doubt:

19          One, that the Defendant knowingly possessed a firearm

20  as defined in the National Firearms Act, which definition

21  includes a destructive device and, in turn, in relevant part,

22  the term 'destructive device' means any explosive or incendiary

23  bomb or similar device;

24          Two, that the Defendant knew of the characteristics of

25  the firearm, that is, that it was a destructive device;
```

1          Three, that the firearm was in operating condition;

2          And, four, that the firearm was not registered to the

3  Defendant in the National Firearms Registration & Transfer

4  Record.

5          The Government expects that the evidence at trial

6  would show the following, in substance and in part:

7          In July of 2020, officers of the law interviewed

8  several witnesses who reported, in part and substance, that

9  Nicolaus Wynberg, the Defendant, had set off at least one small

10 explosion near his trailer in Stanfordville, New York.  The

11 witnesses stated that Wynberg had bragged about making explosive

12 devices and had other destructive devices in his possession.

13         On or about July 16th, 2020, law enforcement officers

14 conducted a search of the trailer.  They found two devices which

15 appeared to them to be pipe bombs.  These devices were sent to

16 the FBI laboratory in Quantico, Virginia, where they were

17 examined by an explosive expert and a chemist.  The explosive

18 expert determined that the devices were capable of exploding.

19 An ATF agent searched the National Firearms Registration &

20 Transfer Record and found that neither of these devices was

21 registered to Mr. Wynberg.

22         If the matter had gone to trial, the Government would

23 introduce, among other things, the following evidence to prove

24 the Defendant guilty beyond a reasonable doubt:

25         The Defendant's statements to law enforcement,

1  physical evidence, including the seized devices, testimony of

2  law enforcement witnesses who observed and arrested the

3  Defendant and seized the devices from his trailer, testimony of

4  analysts who examined the seized destructive devices and

5  determined them to be destructive devices as defined under the

6  National Firearms Act and further determined that the devices

7  were operable, and records of a search in the National Firearms

8  Registration & Transfer Record showing that neither the seized

9  devices nor the Defendant were registered therein.

10         Finally, the Government is prepared to prove by a

11  preponderance of the evidence that venue is proper in the

12  Southern District of New York.  The Government would show

13  through law enforcement testimony and the Defendant's statements

14  that the Defendant possessed the devices in Stanfordville in the

15  Southern District of New York.

16         THE COURT:  In what county is Stanfordville?

17         MR. PERTZ:  That is in Dutchess County.

18         THE COURT:  Thank you.

19         Okay, Mr. Wynberg, if you would please stand.

20         (Defendant complies)

21         THE COURT:  Did you hear what AUSA Pertz said?

22         THE DEFENDANT:  I did, your Honor.

23         THE COURT:  At this time, how do you wish to plead to

24  the charges in Count II of the superseding indictment?

25         THE DEFENDANT:  I wish to plead guilty.

```
 1                THE COURT:  Has anyone threatened you or coerced you
 2    or pressured you improperly in order to get you to plead guilty
 3    to this charge?
 4                THE DEFENDANT:  No, your Honor.
 5                THE COURT:  Has anyone made any promises to you other
 6    than what is set forth in the written plea agreement in order to
 7    induce you to plead guilty?
 8                THE DEFENDANT:  No, your Honor.
 9                THE COURT:  Has anyone made any specific promises to
10    you about what the sentence of the Court will be?
11                THE DEFENDANT:  No, your Honor.
12                THE COURT:  Can you tell me in your own words what you
13    did to commit this crime.
14                THE DEFENDANT:  Yes, your Honor.
15                In the summer of 2020, specifically July, I was in
16    possession of metal pipe with end caps that I had filled with
17    explosive powder.  I understand this to be a destructive device.
18    This was possessed by me at the trailer I was living in located
19    in Dutchess County, New York, which I understand to be in the
20    Southern District of New York.  This destructive device was not
21    registered to me, and I understand I had no right to possess it
22    and my possession was a federal offense.
23                THE COURT:  Did you commit these acts knowingly and
24    willfully?
25                THE DEFENDANT:  Yes, your Honor.
```

1           THE COURT:  Did you know it was against the law to do

2    what you were doing?

3           THE DEFENDANT:  I did, your Honor.

4           THE COURT:  Is there anything else which either

5    Counsel believes the Court needs to elicit from the Defendant

6    before making the recommendation contemplated by Rule 11 of the

7    Federal Rules of Criminal Procedure?

8           MR. PERTZ:  No, your Honor.

9           THE COURT:  One question I do want to ask, Mr.

10   Wynberg, before I proceed.

11          So you said you had filled the metal pipes with

12   explosive powder.  Did you know that this pipe was operable and

13   able to be exploded?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Okay.

16          And, Mr. Lewis, is there anything else which you

17   believe that the Court needs to elicit from your client before

18   making a recommendation contemplated by Rule 11 of the Federal

19   Rules of Criminal Procedure?

20          MR. LEWIS:  No, your Honor.

21          THE COURT:  Mr. Lewis, do you know of any reason why

22   the Court should not recommend acceptance of your client's plea

23   of guilty in this matter?

24          MR. LEWIS:  I don't.

25          THE COURT:  Mr. Pertz, do you have any reason why the

1    Court should not recommend acceptance of the plea?

2             MR. PERTZ:  No, your Honor.

3             THE COURT:  Mr. Wynberg, in light of everything that

4    has been said here today, is it still your wish to plead guilty

5    to the charges contained in Count II of the Felony Superseding

6    Indictment?

7             THE DEFENDANT:  I do, your Honor.

8             THE COURT:  On the basis of the allocution and the

9    responses to my questions, I find that the Defendant is fully

10   competent and capable of entering an informed plea.

11            I am satisfied, Mr. Wynberg, that you understand your

12   rights, including the right to go to trial, and that you're

13   aware of the consequences of your plea, including the sentence

14   that may be imposed.  Based on this plea allocution, I find the

15   plea is knowing and voluntary and supported by an independent

16   factual basis for each and every element of the crime charged in

17   Count II of the Felony Superseding Indictment.

18            Accordingly, I would respectfully report and recommend

19   to Judge Romàn that the plea be accepted and the Defendant be

20   adjudged guilty of the offense charged in Count II of the Felony

21   Superseding Indictment.

22            I'm going to direct that a pre-sentence investigation

23   be conducted by the United States Department of Probation and a

24   pre-sentence report will be prepared, so within fourteen days of

25   today, Mr. Wynberg, you need to meet with the Department of

1  Probation, Counsel will help you arrange that, and you'll be

2  interviewed by a representative from the Department of

3  Probation.  I want to make sure that you understand you need to

4  be fully honest and truthful during that interview, because if

5  it comes to the Court's attention that you provided false,

6  incomplete, or misleading information, that may be held against

7  you at the time of sentencing.

8              Do you understand that?

9              THE DEFENDANT:  I do, your Honor.

10             THE COURT:  And, Mr. Pertz, the prosecution case

11 summary for purposes of the presentence report is to be

12 delivered to the Probation Department no later than 14 days from

13 today, okay?

14             Mr. Wynberg, you may be seated.

15             (Defendant complies)

16             THE COURT:  I'm going to further direct that the court

17 reporter provide a transcript of these proceedings within 30

18 days setting forth my report and recommendation to Judge Romàn.

19 The transcript is to come to me first for review.

20             Judge Romàn has scheduled sentencing in this matter

21 for January 5th, 2022, at 11:45 a.m. or January 5th, 2022, at

22 two p.m.  Please contact Judge Romàn's chambers to confirm the

23 date and time of sentencing.

24             Is there anything further we need to do today?

25             MR. LEWIS:  Judge, could I have those two prospective

Plea                              USA v. Nicolaus Wynberg                    30

```
 1   sentencing dates and times again, please?
 2           THE COURT:  Yep.  January 5th, 2022, at 11:45 a.m. or
 3   January 5th, same date, 2022, at two p.m.
 4           MR. LEWIS:  Same date.
 5           THE COURT:  So same date, just one's at 11:45, one's
 6   at two p.m.
 7           MR. LEWIS:  Got it.
 8           THE COURT:  Okay.
 9           Anything further?
10           MR. PERTZ:  Nothing further from the Government.
11   Thank you.
12           THE COURT:  Okay, thank you all very much and have a
13   good day and stay well.  Good luck to you, Mr. Wynberg.
14           THE DEFENDANT:  Thank you for your time, your Honor.
15           THE COURT:  Thank you.
16           Certified to be a true and accurate transcript.
17
18   _____
19           TABITHA DENTE, SR. COURT REPORTER
20
21
22
23
24
25
```